UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CRISIS PREGNANCY SERVICES, INC.,
doing business as COMPASSCARE,

      Plaintiff,

  v.

JENNIFER L. PAGE et al.,

      Defendants.

                                                      23-CV-1057-LJV
                                                      DECISION & ORDER

_____

HANNAH KAMKE,

      Counterclaim Plaintiff,

  v.

CRISIS PREGNANCY SERVICES, INC.,
doing business as COMPASSCARE,

      Counterclaim Defendant.

_____

        On October 5, 2023, the plaintiff, Crisis Pregnancy Services, Inc.—which does business under the name "CompassCare" and "operates a reproductive health facility in Amherst, New York"—filed this action under the Freedom of Access to Clinic Entrances Act (the "FACE Act").  Docket Item 1 (complaint); Docket Item 23 (amended complaint). It alleges that the defendants—Hannah Kamke, Jennifer L. Page, "John Doe," and "Jane Doe"—violated the FACE Act by threatening and intimidating those who sought to access CompassCare's Amherst facility; by obstructing access to the facility; and by damaging CompassCare's property.  See Docket Item 23 ¶¶ 51-78.

Page moved to dismiss the claims against her, Docket Item 29, and CompassCare moved to dismiss Kamke's counterclaims, Docket Item 60.  On September 30, 2025, this Court issued a decision and order granting both motions in part and denying them in part.  Docket Item 70.  This Court then referred this case to United States Magistrate Judge H. Kenneth Schroeder, Jr., for all proceedings under 28 U.S.C. § 636(b)(1)(A).  Docket Item 71.  About a week later, CompassCare moved for reconsideration of this Court's decision and order, arguing that this Court "did not address or decide Kamke's [counter]claims for (1) punitive damages[,] (2) attorney fees for medical malpractice, and (3) lack of informed consent."  Docket Item 72 at 1.

## DISCUSSION[1]

"A motion for reconsideration is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority."  *Van Buskirk v. United Grp. of Cos.,* 935 F.3d 49, 54 (2d Cir. 2019).  Thus, "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

CompassCare fails to meet that high bar.  First, with regard to Kamke's alleged lack of informed consent, CompassCare merely rehashes arguments it made previously

---

[1] The Court assumes the reader's familiarity with the factual background of this case, *see* Docket Item 70 at 3-14, and will refer only to those facts necessary to explain its decision.

and expresses disagreement with this Court's decision.  *See* Docket Item 72-1 at 2-3.  That is not a ground for reconsideration.  *See Shrader*, 70 F.3d at 257.

But even if the Court were to consider CompassCare's argument anew, it again would reject it.  Kamke alleged that a CompassCare nurse "failed to obtain . . . Kamke's informed consent before administering the transvaginal ultrasound."  Docket Item 59 at 43, ¶ 46.  CompassCare suggests that because the ultrasound showed that Kamke was not pregnant, it could not have caused her any injury or distress.  *See* Docket Item 72-1 at 2-3.  But, as Kamke observes, drawing all inferences in her favor, she plausibly alleged that she suffered emotional distress because of the ultrasound itself—regardless of the result it yielded.  *See* Docket Item 76 at 4-5.  Moreover, she alleged emotional distress as a result of her *confusion* as to whether she was pregnant based on, among other things, the ultrasound.  *See, e.g.*, Docket Item 59 at 39-40, ¶¶ 34-35.

With regard to punitive damages and attorney's fees, CompassCare failed to raise those arguments in its original motion, and the Court therefore will not consider them on a motion for reconsideration.  *See, e.g.*, *Rock v. Enfants Riches Deprimes, LLC*, 2020 WL 2793026, at *2 (S.D.N.Y. May 29, 2020) ("It is well established that a motion for reconsideration is not an opportunity to relitigate issues or advance new arguments."); *Polsby v. St. Martin's Press, Inc.*, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (parties may not "use such a motion [for reconsideration] to advance new theories or adduce new evidence in response to the court's rulings") (quoting *de los Santos v. Fingerson*, 1998 WL 788781, at *1 (S.D.N.Y. Nov. 12, 1998)).  CompassCare can, of course, make these arguments at summary judgment, but the ship has sailed on its motion to dismiss.

**CONCLUSION**

For the reasons stated above, CompassCare's motion for reconsideration, Docket Item 72, is DENIED.  The case is referred back to Judge Schroeder for further proceedings consistent with the referral order of October 1, 2025, Docket Item 71.

SO ORDERED.

Dated:   January 31, 2026
         Buffalo, New York

                                         */s/ Lawrence J. Vilardo*
                                         LAWRENCE J. VILARDO
                                         UNITED STATES DISTRICT JUDGE